UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LA'MONICA HILL                                                     PLAINTIFF

v.                                      CIVIL ACTION NO. 3:17-CV-P177-TBR

RICHARD D. CARLISLE, M.D.                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, La'Monica Hill, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint on a 42 U.S.C. § 1983 complaint form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Kentucky Correctional Institution for Women, filed this complaint naming Dr. Richard D. Carlisle at the Norton Brownsboro Hospital in Louisville, Kentucky, as Defendant. According to the complaint, on August 15, 2016, Dr. Carlisle told Plaintiff that she had suboxone in her system. In the portion of the form asking what constitutional right or federal law she is alleging was violated, she states, "My HIPA rights (slander my name, he told me false statement)." Her complaint states:

> He stated that it can't be detected in blood/urine work. I learned he did not tell me the truth, he said that in front of an officer who later told another officer. I'm now label a drug user. I have never done drugs unless it was prescribe to me.

Plaintiff also states that, when she requested her lab work, "it said I had a drug overdose, but the labs said I had no drugs. I feel I was slander against." She states that she is suing for $2,000 and court costs.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A civil rights action under § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

The Health Insurance Portability and Accountability Act (HIPAA) to which Plaintiff cites is a federal law. It governs confidentiality of medical records and regulates how covered entities can use or disclose individually identifiable medical information about an individual. 45 C.F.R.

§ 164.512. However, an individual, like Plaintiff, cannot maintain a private suit in her own name for a violation of HIPAA. *See Holland v. Aegon U.S. Corp.*, No. 3:07CV-298-S, 2008 WL 2742768, at *3 (W.D. Ky. July 11, 2008) (citing *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006)).

Plaintiff also refers to slander. However, slander is a tort claim under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *Carter v. Muhlenberg Cty. Det. Ctr.*, No. 4:12CV-P53-M, 2012 WL 4471584, at *5 (W.D. Ky. Sept. 26, 2012) (finding that slander claim was solely a state-law tort and therefore, did not support a § 1983 claim).

Therefore, Plaintiff fails to state a § 1983 claim because she has not alleged a violation of a right secured by the Constitution or federal law.

### III. <u>CONCLUSION</u>

For the foregoing reasons, this action will be dismissed by separate Order.

Date:



cc: Plaintiff, *pro se*
 Defendant
4413.009

3